DSS/CK:VR
F.#2009R01418

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

VICTOR GORDON,

          Defendant.

I N D I C T M E N T

Cr. No. _____
(T. 16, U.S.C.,
§§ 3372(a)(1),
3373(d)(1)(B),
3374(a)(1) and
3374(a)(2); T. 18,
U.S.C., §§ 371, 545,
982(a)(2)(B), 2 and
3551 et seq.; T. 21,
U.S.C., § 853(p))

- - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

### INTRODUCTION

      At all times relevant to this Indictment, unless otherwise indicated:

### APPLICABLE LAW

      1.    The Endangered Species Act (the "ESA"), Title 16, United States Code, Sections 1531 et seq., provided that it was unlawful to engage in any trade in any specimens contrary to the provisions of the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES"), or to possess any specimens traded contrary to the provisions of CITES, as set forth in Title 16, United States Code, Section 1538(c).

      2.    CITES classified wildlife into three categories (Appendix I, II and III) and accorded specific trade protection

to fauna and flora that were listed in these categories.  The term "wildlife" meant any member of the animal kingdom, whether dead or alive, and included any part or product thereof, as set forth in Title 16, United States Code, Section 1532(8). Elephants were members of the animal kingdom in the family *Elephantidae*, which included two species, the African elephant, *Loxodonta africana*, and the Asian elephant, *Elephas maximus*. Both species were afforded the protection defined for CITES Appendix I wildlife.

3.    In order to import into the United States any specimens of wildlife listed in Appendix I, an individual was required to obtain, prior to importation, a valid United States import permit and a valid foreign export permit issued by the country of origin, or a valid foreign re-export permit issued by the country of re-export, and present both permits upon importation into the United States, as set forth in Title 50, Code of Federal Regulations, Part 23.

4.    The Lacey Act, Title 16, United States Code, Sections 3371 <u>et</u> <u>seq</u>., provided that it was unlawful to import, transport, sell, receive, acquire or purchase any wildlife taken, possessed, transported or sold in violation of any law, treaty or regulation of the United States, as set forth in Title 16, United States Code, Section 3372(a)(1).

5. The defendant VICTOR GORDON did not apply for, or receive, a CITES permit authorizing the importation of elephant ivory into the United States during the relevant time period.

## THE SMUGGLING SCHEME

6. From approximately May 2006 until approximately April 2009, the defendant VICTOR GORDON, together with others, engaged in an illegal scheme to smuggle elephant ivory into the United States.

7. As part of the smuggling scheme, the defendant VICTOR GORDON paid a co-conspirator ("CC-1"), an individual whose identity is known to the Grand Jury, to travel to Africa to purchase raw elephant ivory and have it carved to GORDON's specifications. In advance of each trip, GORDON provided CC-1 with photographs or other depictions of ivory carvings to serve as templates. GORDON also directed CC-1 to stain or dye the elephant ivory specimens so that the specimens would appear to be old.

8. As a further part of the smuggling scheme, CC-1 concealed the elephant ivory specimens in CC-1's luggage and smuggled them into the United States through John F. Kennedy International Airport ("JFK Airport") in Queens, New York.

9. As a further part of the smuggling scheme, the defendant VICTOR GORDON received the smuggled elephant ivory

3

specimens from CC-1 and sold them from his retail store located in Philadelphia, Pennsylvania.

<u>COUNT ONE</u>
(Conspiracy to Smuggle Elephant Ivory)

10.   The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

11.   In or about and between May 2006 and April 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICTOR GORDON, together with others, did knowingly, intentionally and fraudulently conspire to import and bring into the United States merchandise, specifically: elephant ivory, contrary to law, and receive, conceal, buy, sell and facilitate the transportation, concealment and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law, in violation of Title 18, United States Code, Section 545.

12.   In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant VICTOR GORDON committed and caused to be committed, among others, the following:

4

OVERT ACTS

a.   In or about May 2006, GORDON gave CC-1 approximately $8,000 to travel to Africa and purchase elephant ivory.

b.   On or about July 17, 2006, CC-1 unlawfully imported several elephant ivory specimens into the United States from Africa through JFK Airport.

c.   In or about August 2006, CC-1 delivered elephant ivory specimens to GORDON at his retail store in Philadelphia, Pennsylvania.

d.   In or about January 2007, GORDON gave CC-1 approximately $8,000 to travel to Africa to purchase elephant ivory.

e.   On or about January 11, 2007, CC-1 unlawfully imported several elephant ivory specimens into the United States from Africa through JFK Airport.

f.   In or about January 2007, CC-1 delivered elephant ivory specimens to GORDON at his retail store in Philadelphia, Pennsylvania.

g.   In or about May 2007, GORDON gave CC-1 approximately $8,000 to travel to Africa to purchase elephant ivory.

h.   On or about June 26, 2007, CC-1 unlawfully imported several elephant ivory specimens into the United States from Africa through JFK Airport.

i.   In or about July 2007, CC-1 delivered elephant ivory specimens to GORDON at his retail store in Philadelphia, Pennsylvania.

j.   In or about January 2009, GORDON gave CC-1 approximately $8,000 to travel to Africa to purchase elephant ivory.

k.   On or about March 7, 2009, CC-1 unlawfully imported several elephant ivory specimens into the United States from Africa through JFK Airport.

l.   In or about and between March 2009 and April 2009, both dates being approximate and inclusive, CC-1 delivered elephant ivory specimens to GORDON at his retail store in Philadelphia, Pennsylvania.

(Title 18, United States Code, Sections 371 and 3551 <u>et</u> <u>seq</u>.)

## COUNT TWO
(Smuggling of Elephant Ivory)

13.   The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

14.   On or about and between July 17, 2006 and August 31, 2006, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendant VICTOR GORDON, together with others, did knowingly, intentionally and fraudulently import and bring into the United States merchandise, specifically: elephant ivory, contrary to law, and receive, conceal, buy, sell and facilitate the transportation, concealment and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law.

(Title 18, United States Code, Sections 545, 2 and 3551 et seq.)

## COUNT THREE
(Smuggling of Elephant Ivory)

15.   The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

16.   On or about and between January 11, 2007 and January 31, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICTOR GORDON, together with others, did knowingly, intentionally and fraudulently import and bring into the United States merchandise, specifically: elephant ivory, contrary to law, and receive, conceal, buy, sell and facilitate the transportation, concealment and sale of such merchandise after

importation, knowing the same to have been imported and brought into the United States contrary to law.

(Title 18, United States Code, Sections 545, 2 and 3551 et seq.)

## COUNT FOUR
(Smuggling of Elephant Ivory)

17.   The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

18.   On or about and between June 26, 2007 and July 31, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICTOR GORDON, together with others, did knowingly, intentionally and fraudulently import and bring into the United States merchandise, specifically: elephant ivory, contrary to law, and receive, conceal, buy, sell and facilitate the transportation, concealment and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law.

(Title 18, United States Code, Sections 545, 2 and 3551 et seq.)

## COUNT FIVE
(Smuggling of Elephant Ivory)

19.   The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

20. On or about and between March 7, 2009 and April 30, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICTOR GORDON, together with others, did knowingly, intentionally and fraudulently import and bring into the United States merchandise, specifically: elephant ivory, contrary to law, and receive, conceal, buy, sell and facilitate the transportation, concealment and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law.

(Title 18, United States Code, Sections 545, 2 and 3551 et seq.)

COUNT SIX
(Lacey Act Violation)

21. The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

22. On or about May 17, 2007, within the Eastern District of New York and elsewhere, the defendant VICTOR GORDON, together with others, did knowingly and intentionally engage in conduct involving the sale and purchase of, the offer of sale and purchase of, and the intent to sell and purchase, wildlife having a market value in excess of $350, specifically: elephant ivory sold to Individual #1, whose identity is known to the Grand Jury, by importing, transporting, selling, receiving and acquiring such

9

wildlife, knowing that such wildlife was possessed and transported in violation of one or more laws, treaties and regulations of the United States.

(Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(B); Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT SEVEN
(Lacey Act Violation)

23.  The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

24.  In or about and between June 2007 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICTOR GORDON, together with others, did knowingly and intentionally engage in conduct involving the sale and purchase of, the offer of sale and purchase of, and the intent to sell and purchase, wildlife having a market value in excess of $350, specifically: elephant ivory sold to Individual #2, whose identity is known to the Grand Jury, by importing, transporting, selling, receiving and acquiring such wildlife, knowing that such wildlife was

possessed and transported in violation of one or more laws, treaties and regulations of the United States.

(Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(B); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT EIGHT<br>(Lacey Act Violation)

25.   The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

26.   In or about August 2007, within the Eastern District of New York and elsewhere, the defendant VICTOR GORDON, together with others, did knowingly and intentionally engage in conduct involving the sale and purchase of, the offer of sale and purchase of, and the intent to sell and purchase, wildlife having a market value in excess of $350, specifically: elephant ivory offered for sale to Individual #3, whose identity is known to the Grand Jury, by importing, transporting, selling, receiving and acquiring such wildlife, knowing that such wildlife was possessed and transported in violation of one or more laws, treaties and regulations of the United States.

(Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(B); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT NINE
(Lacey Act Violation)

27.   The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

28.   In or about February 2008, within the Eastern District of New York and elsewhere, the defendant VICTOR GORDON, together with others, did knowingly and intentionally engage in conduct involving the sale and purchase of, the offer of sale and purchase of, and the intent to sell and purchase, wildlife having a market value in excess of $350, specifically: elephant ivory offered for sale to Individual #4, whose identity is known to the Grand Jury, by importing, transporting, selling, receiving and acquiring such wildlife, knowing that such wildlife was possessed and transported in violation of one or more laws, treaties and regulations of the United States.

(Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(B); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TEN
(Lacey Act Violation)

29.   The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

12

30.   In or about November 2008, within the Eastern District of New York and elsewhere, the defendant VICTOR GORDON, together with others, did knowingly and intentionally engage in conduct involving the sale and purchase of, the offer of sale and purchase of, and the intent to sell and purchase, wildlife having a market value in excess of $350, specifically: elephant ivory offered for sale to Individual #5, whose identity is known to the Grand Jury, by importing, transporting, selling, receiving and acquiring such wildlife, knowing that such wildlife was possessed and transported in violation of one or more laws, treaties and regulations of the United States.

(Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(B); Title 18, United States Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATIONS FOR COUNTS ONE THROUGH FIVE

31.   The United States hereby gives notice to the defendant VICTOR GORDON that upon his conviction for any of the offenses charged in Counts One through Five, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 545, which requires the forfeiture of any merchandise introduced into

13

the United States in violation of Title 18, United States Code, Section 545, or the value thereof, including, but not limited to the following:

### Money Judgment

     a.   A sum of money, in United States currency, in an amount to be determined at trial;

### Specific Properties

     b.   Approximately 313 ivory tusks and ivory carvings seized by agents pursuant to a search warrant executed in Philadelphia, Pennsylvania on or about April 2, 2009, and any sales proceeds traceable thereto;

     c.   Approximately 115 ivory tusks and ivory carvings seized by agents pursuant to a search warrant executed in Philadelphia, Pennsylvania on or about April 3, 2009, and any sales proceeds traceable thereto;

     d.   Approximately two elephant ivory carvings seized by agents in Valley Stream, New York on or about June 24, 2009, and any sales proceeds traceable thereto;

     e.   Approximately thirteen ivory tusks and ivory carvings seized by agents in Brooklyn, New York on or about November 18, 2009, and any sales proceeds traceable thereto;

     f.   Approximately seven elephant ivory carvings seized by agents in Philadelphia, Pennsylvania on or about May 18, 2010, and any sales proceeds traceable thereto;

g.   Approximately twelve elephant ivory carvings seized by agents in Bryn Mawr, Pennsylvania on or about July 14, 2010, and any sales proceeds traceable thereto;

h.   Approximately two elephant ivory carvings seized by agents in Bryn Mawr, Pennsylvania on or about July 14, 2010, and any sales proceeds traceable thereto;

i.   Approximately six elephant ivory carvings seized by agents in Columbia, Missouri on or about August 16, 2010, and any sales proceeds traceable thereto;

j.   Approximately ten elephant ivory carvings seized by agents in Philadelphia, Pennsylvania on or about August 19, 2010, and any sales proceeds traceable thereto;

k.   Approximately two elephant ivory carvings seized by agents in Lawrence, Kansas on or about September 15, 2010, and any sales proceeds traceable thereto;

l.   Approximately two elephant ivory carvings seized by agents in Lawrence, Kansas on or about September 20, 2010, and any sales proceeds traceable thereto;

m.   Approximately four elephant ivory carvings seized by agents in Miami, Florida on or about October 1, 2010, and any sales proceeds traceable thereto;

n.   Approximately one elephant ivory carving seized by agents in Carversville, Pennsylvania on or about October 8, 2010, and any sales proceeds traceable thereto; and

15

o.   Approximately two elephant ivory carvings seized by agents in Hillsborough, California on or about October 25, 2010, and any sales proceeds traceable thereto.

32.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with a third party;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United Stated Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 545 and 982(a)(2)(B); Title 21, United States Code, Section 853(p))

<u>CRIMINAL FORFEITURE ALLEGATIONS FOR COUNTS SIX THROUGH TEN</u>

33.  The United States hereby gives notice to the defendant VICTOR GORDON that upon his conviction for any of the

offenses charged in Counts Six through Ten, the government will seek forfeiture in accordance with Title 16, United States Code, Section 3374(a)(1), which requires any person convicted of such offense to forfeit all wildlife imported, exported, transported, sold, received, acquired, or purchased in violation of such offense, and Title 16, United States Code Section 3374(a)(2), which requires any person convicted of such offense to forfeit all vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, or purchasing of wildlife in violation of such offense, including, but not limited to the following:

a.    Approximately 313 ivory tusks and ivory carvings seized by agents pursuant to a search warrant executed in Philadelphia, Pennsylvania on or about April 2, 2009, and any sales proceeds traceable thereto;

b.    Approximately 115 ivory tusks and ivory carvings seized by agents pursuant to a search warrant executed in Philadelphia, Pennsylvania or about April 3, 2009, and any sales proceeds traceable thereto;

c.    Approximately two elephant ivory carvings seized by agents in Valley Stream, New York on or about June 24, 2009, and any sales proceeds traceable thereto;

17

d.     Approximately thirteen ivory tusks and ivory carvings seized by agents in Brooklyn, New York on or about November 18, 2009, and any sales proceeds traceable thereto;

e.     Approximately seven elephant ivory carvings seized by agents in Philadelphia, Pennsylvania on or about May 18, 2010, and any sales proceeds traceable thereto;

f.     Approximately twelve elephant ivory carvings seized by agents in Bryn Mawr, Pennsylvania on or about July 14, 2010, and any sales proceeds traceable thereto;

g.     Approximately two elephant ivory carvings seized by agents in Bryn Mawr, Pennsylvania on or about July 14, 2010, and any sales proceeds traceable thereto;

h.     Approximately six elephant ivory carvings seized by agents in Columbia, Missouri on or about August 16, 2010, and any sales proceeds traceable thereto;

i.     Approximately ten elephant ivory carvings seized by agents in Philadelphia, Pennsylvania on or about August 19, 2010, and any sales proceeds traceable thereto;

j.     Approximately two elephant ivory carvings seized by agents in Lawrence, Kansas on or about September 15, 2010, and any sales proceeds traceable thereto;

k.     Approximately two elephant ivory carvings seized by agents in Lawrence, Kansas on or about September 20, 2010, and any sales proceeds traceable thereto;

        l.   Approximately four elephant ivory carvings seized by agents in Miami, Florida on or about October 1, 2010, and any sales proceeds traceable thereto;

        m.   Approximately one elephant ivory carving seized by agents in Carversville, Pennsylvania on or about October 8, 2010, and any sales proceeds traceable thereto; and

        n.   Approximately two elephant ivory carvings seized by agents in Hillsborough, California on or about October 25, 2010, and any sales proceeds traceable thereto.

        (Title 16, United States Code, Sections 3374(a)(1) and 3374(a)(2))

                              A TRUE BILL

                              FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

19

F.#2009R01418

FORM DBD-34

JUN. 85

No.

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*VICTOR GORDON,*

Defendant.

# INDICTMENT

(T. 16, U.S.C., §§ 3372(a)(1), 3373(d)(1)(B),
3374(a)(1) and 3374(a)(2); T. 18, U.S.C.,
§§ 371, 545, 982(a)(2)(B), 2 and
3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____

*Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____

*Clerk*

*Bail, $* _____

*SreeVamshi C. Reddy, Assistant U.S. Attorney, (718) 254-6276*