TM:DAL
F.#2009R01418

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

VICTOR GORDON,

    Defendant.

- - - - - - - - - - - - - - - X

SUPERSEDING
INFORMATION

Cr. No. <u>11-517 (S-1)(KAM)</u>
(T. 18, U.S.C., §§ 545,
982(a)(2)(B), 2 and
3551 <u>et</u> <u>seq.</u>; T. 21,
U.S.C., § 853(p))

THE UNITED STATES ATTORNEY CHARGES:

<u>SMUGGLING OF ELEPHANT IVORY</u>

1. In or about and between March 2009 and April 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICTOR GORDON, together with others, did knowingly, intentionally and fraudulently import and bring into the United States merchandise, to wit: elephant ivory, contrary to law, to wit: the African Elephant Conservation Act, Title 16, United States Code, Sections 4223 <u>et</u> <u>seq.</u>, and receive, conceal, buy, sell and facilitate the transportation, concealment and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law.

  (Title 18, United States Code, Sections 545, 2 and 3551 <u>et</u> <u>seq.</u>)

## CRIMINAL FORFEITURE ALLEGATION

2. The United States hereby gives notice to the defendant VICTOR GORDON that upon his conviction of the charged offense, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 545, which requires the forfeiture of any merchandise introduced into the United States in violation of Title 18, United States Code, Section 545, or the value thereof, including but not limited to the following:

### Money Judgment

a. One hundred and fifty thousand dollars ($150,000) in United States currency;

### Specific Properties

b. Approximately 313 ivory tusks and ivory carvings seized by agents pursuant to a search warrant executed in Philadelphia, Pennsylvania, on or about April 2, 2009, and any sales proceeds traceable thereto;

c. Approximately 115 ivory tusks and ivory carvings seized by agents pursuant to a search warrant executed in Philadelphia, Pennsylvania, on or about April 3, 2009, and any sales proceeds traceable thereto;

d. Approximately two elephant ivory carvings seized by agents in Valley Stream, New York, on or about June 24, 2009, and any sales proceeds traceable thereto;

e. Approximately thirteen ivory tusks and ivory carvings seized by agents in Brooklyn, New York, on or about November 18, 2009, and any sales proceeds traceable thereto;

f. Approximately seven elephant ivory carvings seized by agents in Philadelphia, Pennsylvania, on or about May 18, 2010, and any sales proceeds traceable thereto;

g. Approximately twelve elephant ivory carvings seized by agents in Bryn Mawr, Pennsylvania, on or about July 14, 2010, and any sales proceeds traceable thereto;

h. Approximately two elephant ivory carvings seized by agents in Bryn Mawr, Pennsylvania, on or about July 14, 2010, and any sales proceeds traceable thereto;

i. Approximately six elephant ivory carvings seized by agents in Columbia, Missouri, on or about August 16, 2010, and any sales proceeds traceable thereto;

j. Approximately ten elephant ivory carvings seized by agents in Philadelphia, Pennsylvania, on or about August 19, 2010, and any sales proceeds traceable thereto;

k. Approximately two elephant ivory carvings seized by agents in Lawrence, Kansas, on or about September 15, 2010, and any sales proceeds traceable thereto;

l.  Approximately two elephant ivory carvings seized by agents in Lawrence, Kansas, on or about September 20, 2010, and any sales proceeds traceable thereto;

m.  Approximately four elephant ivory carvings seized by agents in Miami, Florida, on or about October 1, 2010, and any sales proceeds traceable thereto;

n.  Approximately one elephant ivory carving seized by agents in Carversville, Pennsylvania, on or about October 8, 2010, and any sales proceeds traceable thereto; and

o.  Approximately two elephant ivory carvings seized by agents in Hillsborough, California, on or about October 25, 2010, and any sales proceeds traceable thereto.

3.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 545 and 982(a)(2)(B); Title 21, United States Code, Section 853(p))

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK