```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------X
```

UNITED STATES OF AMERICA,

    - against -                              **MEMORANDUM AND ORDER**
                                                    11-CR-517 (KAM)

VICTOR GORDON,

            Defendant.

```
----------------------------X
```
**MATSUMOTO, United States District Judge:**

## PROCEDURAL HISTORY

Pending before the court is the September 13, 2013 request (ECF No. 42) of third-party petitioner, William Mitchell, for the return of ten carvings of endangered African elephant ivory that Mr. Mitchell claims were seized from him on or about August 19, 2010 by agents of the United States Fish and Wildlife Service ("USFWS"). Mr. Mitchell claims to have purchased the ten pieces of ivory in the "mid 1990's and prior to 2005," from Victor Gordon, a defendant in the instant criminal proceeding. (*Id.*)

Approximately one year before Mr. Mitchell's petition, on September 18, 2012, Mr. Gordon pleaded guilty to count one of the Superseding Information (ECF No. 30), that charged Mr. Gordon with smuggling elephant ivory in violation of the African Elephant Conservation Act, 16 U.S.C. §§ 4223 *et seq.*, and 18 U.S.C. §§ 545, 2 and 3551 *et seq.* The Superseding Information sought the criminal forfeiture of specified pieces of ivory in

the possession of, and/or smuggled and sold by Mr. Gordon, including the ten pieces of carved African elephant ivory seized from Mr. Mitchell. (*Id.* at ¶ 2(j).) Mr. Gordon's guilty plea included his agreement to forfeit his interest in all property constituting or derived from proceeds, obtained directly or indirectly as a result of his offense pursuant to 18 U.S.C. § 982(a)(2)(B), and any merchandise introduced into the United States in violation of 18 U.S.C. § 545, including the pieces of ivory seized by USFWS agents from Mr. Gordon, from Mr. Mitchell on or about August 19, 2010, and from other individuals on other dates specified in the Superseding Information.

As part of Mr. Gordon's guilty plea, the court signed and entered a Preliminary Order of Forfeiture on September 19, 2012, that listed hundreds of pieces of endangered African elephant ivory, including the ten pieces of carved endangered elephant ivory sought by Mr. Mitchell. (ECF No. 27 at p. 2.) The record reflects that on August 8, 2013, the government properly served a Notice of Forfeiture, the Preliminary Order of Forfeiture, and the procedures for filing a proper claim on all potential claimants to the ivory, including Mr. Mitchell. (ECF No. 46.)

Mr. Mitchell is the sole claimant to the ten specific pieces of endangered elephant ivory described in the USFWS Property Receipt attached to his Petition. In response to Mr. Mitchell's September 8, 2013 petition, the government requested on September 18, 2013 (ECF No. 43), and the court granted on September 19, 2013, an extension of time for the government to respond to Mr. Mitchell's petition, pending Mr. Gordon's sentencing. Mr. Gordon's sentencing was subsequently delayed on multiple occasions, based on three requests for additional time by Mr. Gordon and a hearing scheduled at the request of Mr. Gordon. On June 4, 2014, Mr. Gordon was sentenced, and judgment was entered on June 12, 2014, attaching and incorporating the Preliminary Order of Forfeiture. (ECF No. 61.)

By letter dated June 24, 2014 (ECF No. 64), the government moved to dismiss and/or strike Mr. Mitchell's claim for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A); Federal Rule of Civil Procedure 12(b)(6) and 12(f); and 21 U.S.C. § 853(n)(6). In the alternative, the government requested that if the court denies the government's motion to dismiss or strike, the government be granted leave to conduct discovery from Mr.

Mitchell pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B) and the Preliminary Order of Forfeiture, prior to an ancillary hearing pursuant to 21 U.S.C. § 853(n)(2).

## **DISCUSSION**

In an ancillary proceeding pursuant to 21 U.S.C. § 852(n)(6), the third-party petitioner bears the burden to prove the validity of his claim by a preponderance of the evidence. *See* 21 U.S.C. § 853(n)(6); *Pacheco v. Serendesky*, 393 F.3d 348, 351 (2d Cir. 2004). Section 853(n) does not permit a third-party petitioner the right to re-litigate the proof of forfeiture. *See United States v. Davenport*, 669 F.3d 1316, 1321 (11th Cir. 2012), *cert. denied*, 132 S. Ct. 2731 (2012)(denying standing to challenge forfeitability of property in an ancillary proceeding); *United States v. Porchay*, 533 F.3d 704, 710 (8th Cir. 2008)("The government adduced its property forfeiture proof in its case against [the defendant], and there is no provision in § 853(n) to re-litigate the outcome of those proceedings."); *United States v. Peterson*, 820 F. Supp. 2d 576, 582 (S.D.N.Y 2011) ("[The ancillary] proceeding does not involve re-litigation of the forfeitability of the property; its only purpose is to determine

whether any third party has a legal interest in the forfeited property.")(internal quotations and citations omitted).

Here, defendant Mr. Gordon has pleaded guilty and consented to the forfeiture of the ivory, including the ten pieces sold by Mr. Gordon to, and seized from, Mr. Mitchell. Thus, Mr. Gordon has admitted that the endangered African elephant ivory constituted or was derived from proceeds obtained directly or indirectly from Mr. Gordon's smuggling offense pursuant to 18 U.S.C. § 982(a)(2)(B), and was merchandise introduced into the United States in violation of 18 U.S.C. § 545. "Merchandise introduced into the United States in violation of [Section 545], or the value thereof, to be recovered from any person . . ., shall be forfeited to the United States." 18 U.S.C. § 545 (emphasis added). Consequently, that the ivory was illegally imported and is subject to forfeiture cannot be re-litigated or challenged. 21 U.S.C. § 853(n).

Even if Mr. Mitchell's challenges to the forfeiture of the ten ivory pieces were proper in this ancillary proceeding, the court nonetheless finds them unpersuasive. In support of his claim, Mr. Mitchell asserts that he purchased the ivory in good faith from Mr. Gordon in the mid-1990's and prior to 2005. Mr.

5

Mitchell provides no other proof that he is a bona fide purchaser. The court finds unavailing Mr. Mitchell's "good faith understanding" that the ivory pieces he purchased from Mr. Gordon were in Mr. Gordon's possession "many years prior." (ECF No. 42.) Mr. Mitchell relies only on his understanding, but presents no documentation as to the date of his purchase, or the age and provenance of the ten ivory pieces he purchased from Mr. Gordon. Even if Mr. Mitchell had presented such evidence, the declaration of the government's expert Michael Oliver demonstrates that the authenticity and age of the ten ivory pieces are not older original ethnographic carvings made for ritual use by indigenous peoples but, instead, were all manufactured more recently in the past 15-20 years. (ECF No. 64-1.) Thus, because the evidence before the court establishes that the ten pieces of endangered African elephant ivory were imported in violation of federal law, they are subject to forfeiture and Mr. Mitchell's claim must be rejected.

In any event, Mr. Mitchell cannot overcome the statutory mandate that merchandise imported into the United States in violation of 18 U.S.C. § 545 shall be forfeited. Mr. Mitchell provides no evidence, such as Convention on

International Trade of Endangered Species of Wild Fauna and Flora ("CITES") certifications, that the ivory pieces were lawfully imported. Nor can Mr. Mitchell otherwise call into question Mr. Gordon's admission that the ivory was imported into the United States in violation of law.

Consequently, as the government correctly asserts, the ten pieces of endangered elephant ivory are contraband and Mr. Mitchell's claims must be dismissed as a matter of law. 18 U.S.C. § 983(d)(4) provides that "[n]otwithstanding any provision of this subsection, no person may assert an ownership interest. . . in contraband or other property that it is illegal to possess." The Code of Federal Regulations (C.F.R.) governing the importation and possession of wildlife protected under CITES provides in relevant part as follows, at 50 C.F.R. § 23.13(c): "What is prohibited? . . . . It is unlawful for any person subject to the jurisdiction of the United States to possess any specimen of a species listed in Appendix I, II, or III of CITES imported . . . or traded contrary to the provision of CITES, the ESA, or this part." The African elephant is protected wildlife included in Appendix I of CITES. CITES, Mar. 3, 1973, 993 U.N.T.S. 243. In order to import into the United States any

7

specimens of wildlife listed in Appendix I, an individual is required to obtain, prior to importation, a valid United States import permit and a valid foreign export permit issued by the country of origin, or a valid foreign re-export permit issued by the country of re-export, and present both permits upon importation into the United States.  50 C.F.R. pt. 23.  It is undisputed that the elephant ivory that Mr. Gordon stored and sold did not have CITES import or export permits.

Moreover, the Elephant Conservation Act, the violation of which Mr. Gordon has admitted, provides in relevant part that "it is unlawful for any person - . . . (3) to import raw or worked ivory that was exported from an ivory producing country in violation of . . . the CITES Ivory Control System; [and] (4) to import worked ivory. . . from any country unless that country has certified that such ivory was derived from legal sources."  16 U.S.C. § 4223.

In light of Mr. Gordon's guilty plea to violations of the Elephant Conservation Act, his admission that he unlawfully imported endangered African elephant ivory, and the lack of any CITES certificates, the court finds that the ivory Mr. Mitchell claims is contraband, notwithstanding Mr. Mitchell's assertion

that his "purchases were made in good faith." (ECF No. 42.) This court agrees with other courts in this Circuit that contraband, whether or not inherently illegal, is unlawful to possess and, consequently, is statutorily exempt from an innocent owner defense. *See United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 77 n.6 (2d Cir. 2002)(finding that innocent owner defense is not applicable to "forfeitable property which is *itself* contraband")(emphasis in original); *United States v. An Antique Platter of Gold*, 184 F.3d 131, 138-39 (2d Cir. 1999)(holding that 18 U.S.C. § 545 provides no innocent owner defense); *United States v. One Etched Ivory Tusk of African Elephant*, 871 F. Supp. 2d 128, 140 (E.D.N.Y. 2012)(finding that claimant to an ivory tusk was statutorily preempted from asserting an innocent ownership defense because the property was contraband); *United States v. Approximately 1,170 Carats of Rough Diamonds*, No. 05-cv-5816, 2008 WL 2884387 (E.D.N.Y. 2008)(finding that importation of diamonds in violation of Clean Diamond Trade Act is a strict liability offense with no innocent ownership or good faith defense). Illegally imported ivory from endangered African elephants is contraband and must be removed from the stream of commerce, notwithstanding claims of innocent ownership.

For all the foregoing reasons, Mr. Mitchell's claim must be, and is, denied and dismissed. The ten pieces of endangered African elephant ivory are contraband and are subject to forfeiture.

## CONCLUSION

The court grants the government's motion to dismiss and/or strike the claim of Third Party Petitioner William Mitchell pursuant to Federal Rules of Criminal Procedure 32.2; Federal Rules of Civil Procedure 12(b)(6) and 12(f); and 21 U.S.C. § 853(n)(6). The government is directed to submit a Final Order of Forfeiture on notice to Mr. Mitchell, serve a copy of this Memorandum and Order and the Final Order of Forfeiture on Mr. Mitchell, and file a declaration of service via ECF no later than November 13, 2014.

**SO ORDERED.**

Dated:   November 12, 2014
         Brooklyn, New York

                                    _____  ___/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge
                                    Eastern District of New York